# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-0893V**
**Filed: May 30, 2018**
UNPUBLISHED

KATIE R. PETERSON,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Special Processing Unit (SPU); Attorneys' Fees and Costs

*Steven I. Kastner, San Diego, CA, for petitioner.*
*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On June 30, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza vaccination she received in her left arm on September 30, 2016. Petition at 1. On April 26, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 30.)

On May 7, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 35.) Petitioner requests attorneys' fees in the amount of $22,410.00 and attorneys' costs in the amount of $2,452.03. *Id.* at 1. In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (ECF No. 34). Thus, the total amount requested is $24,862.03.

On May 8, 2018, respondent filed a response to petitioner's motion. (ECF No. 36). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

## I. Attorney Fees

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

### A. Attorney Rate

Petitioner requests compensation for Mr. Kastner at a rate of $450 per hour for time billed from 2017 - 2018. (ECF No. 35-1 at 2). Mr. Kastner has been a licensed attorney since 1979, placing him in the 31 plus years' experience range. *Id*. at 1. The undersigned notes that the requested rate exceeds this Court's Attorneys' Hourly Rate Fee Schedule for attorneys with 31 plus years of experience. Under the Court's Fee Schedule, an attorney with 31 plus years of experience is entitled to hourly rates between $394 - $440 for work performed in 2017 and $407 - $455 for work performed in 2018.[3] However, Mr. Kastner has limited experience with Vaccine Program cases.[4] The undersigned finds the requested rate excessive based on his overall legal experience, the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large. *See McCulloch,* 2015 WL 5634323, at *17 (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Based on Mr. Kastner's inexperience in the Vaccine Program,

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules for 2017 and 2018 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914. The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules. *See also McCulloch v. Sec'y Health & Human Servs.*, 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] This is Mr. Kastner's first vaccine case, and he currently has 1 open case pending before this Court.

the undersigned reduces Mr. Kastner's hourly rates to $400 an hour for attorney time billed in 2017, and $415 for time billed in 2018. Therefore, attorneys' fees **requested are reduced by $2,326.50**.[5]

### B. Administrative Work

It is firmly rooted that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Human Servs.*, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). On June 26, 2017 a total of 1.5 hours was billed as "Mail all pleading and exhibit binders to U.S. Federal Court of Claims; Mail copy to Secretary of Health and Human Services; Prepare Certificate of Service". (ECF No.35-1 at 5). These tasks are considered administrative and are not billable. The undersigned **reduces the fees request by $600.00**.[6]

### C. Travel Time

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs*., 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

On February 13, 2017, petitioners counsel billed 1.5 hours as "Meeting with Dr. Scachs at his office re: client's injuries and potential vaccine claim; Travel". (ECF No. 35-1 at 4). The undersigned notes that counsel has grouped multiple activities into a single time entry making a line-by-line analysis nearly impossible. *See, e.g. Riggins v. Sec'y of Health & Human Servs.,* No. 99-38V, 2009 WL 3319818, at *23-24 (Fed. Cl. Spec. Mstr. June 15, 2009). Attorney's are advised that "[e]ach task should have its own line entry indicating the amount of time spent on that task" and that "[l]umping together several unrelated tasks in the same time entry frustrates the courts ability to assess the reasonableness of the request." *Guidelines for Practice Under the National Vaccine*

---

[5] This amount consists of ($450 - $400 = $50 * 38.9 = $1,945) + ($450 - $415 = $35 * 10.9 = $381.50) = $2,326.50.

[6] This amount consists of the already reduce rate of $400 * 1.5 hours = $600.00.

*Injury Compensation Program* at 68.[7] The undersigned shall reduce the time billed for this entry by 50% as it includes travel time that due the block billing entry cannot be differentiated from the amount of time spent in the meeting and the amount of time spent traveling. This results in a **reduction of the fee request in the amount of $300.00**.[8]

## II. Attorneys' Costs

Petitioner requests reimbursement for attorney costs in the amount of $2,452.03.[9] After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

## III. Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $21,635.53[10] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Steven I. Kastner.**

---

[7] These guidelines are available on the court's website at http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf

[8] The amount consist of the already reduced rate of $400 * 1.5 hrs / 2 = $300.00.

[9] This amount includes $1,950.00 in costs for review and a declaration concerning the medical records prepared by Raymond A. Sachs, MD. (ECF No. 35-1 at 7). The undersigned will award the amounts expended in regards to Mr. Scahs' costs however advises petitioner's counsel that"[e]xperts should not be retained in cases assigned to the Special Processing Unit (described in Section V, Chapter 3) without first conferring with the court." *Guidelines for Practice Under the National Vaccine Injury Compensation Program* at 12. Further, this award does not constitute an adjudication concerning the reasonableness of the expert's hourly rate; rather, the undersigned has determined that the total amount charged by the expert is reasonable and awards the costs on that basis.

[10] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[11]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.